3:17cr171(MPS)

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

GRAND JURY N-16-3   2017 AUG 3 PM 12 12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. U.S. DISTRICT COURT NEW HAVEN, CT. |
| | : | |
| | : | VIOLATIONS: |
| v. | : | 18 U.S.C. § 1962(d) (Conspiracy to engage in a pattern of racketeering activity) |
| | : | |
| MILTON WESTLEY, a.k.a. "Reese," | : | 18 U.S.C. § 1959(a)(3) (VCAR assault with a dangerous weapon) |
| CLIFFORD BRODIE, a.k.a. "Cliff G," | : | |
| SEDALE PERVIS, a.k.a. "Scope," | : | 18 U.S.C. § 1959(a)(5) (VCAR attempted murder) |
| DEJUAN WARD, a.k.a. "Hot Boi," | : | |
| MICHAEL BELLE, a.k.a. "MB," and | : | |
| MICHAEL VIA, a.k.a. "Mike Live" | : | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D) (Possession with intent to distribute heroin, cocaine base and marijuana) |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (Receipt of a firearm by an unlawful user of a controlled substance) |
| | : | |
| | : | |
| | : | 18 U.S.C. §§ 922(k) and 924(a)(1) (Unlawful possession of a firearm with an obliterated serial number) |
| | : | |
| | : | |
| | : | 18 U.S.C. §  924(c)(1)(A) (Carrying, using, brandishing and discharging a firearm during and in relation to a crime of violence and a drug trafficking crime) |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | 18 U.S.C. § 924(h) (Transfer of a firearm knowing it would be used to commit a crime of violence) |
| | : | |
| | : | |
| | : | 18 U.S.C. § 2 (Aiding and abetting) |
| | : | |
| | : | 21 U.S.C. § 853 (Criminal forfeiture) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(RICO conspiracy)

The Enterprise

1.      At all times relevant to this Indictment, the defendants MILTON
WESTLEY, a.k.a. "Reese," CLIFFORD BRODIE, a.k.a. "Cliff G," SEDALE PERVIS,
a.k.a. "Scope," DEJUAN WARD, a.k.a. "Hot Boi," MICHAEL BELLE, a.k.a. "MB,"
MICHAEL VIA, a.k.a. "Mike Live," and others known and unknown to the Grand
Jury, were members and associates of the gang, Goodrich Street Boys or "GSB," a
criminal organization whose members and associates engaged in, among other
activities, narcotics distribution and acts of violence, including attempted murder and
assaults.

2.      GSB began as a local street gang with ties to Goodrich Street in the
Newhallville area of New Haven, Connecticut, but it currently has members and
associates living throughout the city of New Haven.  GSB operates principally in and
around the city of New Haven.  GSB members and associates often communicate
through various forms of electronic communication, including Facebook, phone calls,
and text messages.  At times, members and associates use gang symbols and code
words to communicate in order to avoid revealing their criminal activity.

3.      At times relevant to this Indictment, GSB has aligned with Fruit Town
Piru (a Bloods sect) against rival criminal organizations in New Haven including the

2

alliance of street gangs known as Starrblock, West Read Street ("WR2"), Read St. ("R2"), and Slutwave.  Members and associates of GSB are expected to protect the name, reputation and status of the gang from rival gang members and other persons. To protect the gang and enhance its reputation, GSB members and associates are expected to use any means necessary to force respect from those who showed disrespect, including committing acts of intimidation, violence, and threats of violence.

4.     GSB, including its leadership, members and associates, constitutes an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact, although not a legal entity.   The  enterprise  constitutes  an  ongoing  organization  whose  members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  At all times relevant to this Indictment, the enterprise has engaged in, and its activities have affected, interstate and foreign commerce.  The defendants participated in the operation and management of the enterprise and participated in unlawful and other activity in furtherance of the conduct of the enterprise's affairs.

5.     Members and associates of GSB sold controlled substances, including but not limited to marijuana, heroin, and cocaine base, in and around New Haven. GSB members and associates referred customers to each other and engaged in narcotics  trafficking  together.   Often  drug-related  activity  was  coordinated  and facilitated by the use of Facebook and text messaging.

3

6.      Members and associates of GSB committed, attempted and threatened to commit acts of violence, and agreed to the same, to protect the enterprise and to protect fellow members and associates of the enterprise.   These acts of violence included assaults and attempted murder intended to protect the enterprise from rival gangs and to otherwise promote the standing and reputation of GSB.

<u>Purposes of the Enterprise</u>

7.      The purposes of the enterprise included the following:

    a.   Preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and attempted murder.

    b.   Promoting and enhancing the enterprise and the activities of its members and associates.

    c.   Providing assistance to members and associates who committed crimes for and on behalf of the gang.   Although the enterprise was principally concerned with advancing its interests through acts and threats of violence, the members and associates at times used the resources of the enterprise to settle personal grievances and vendettas.   For those purposes, members and associates of the enterprise were asked and expected to carry out acts of violence.

4

d. Confronting and retaliating against rival gangs and persons who were perceived as hostile to the enterprise through the use of intimidation, violence, threats of violence and assault.

e. Enriching the members and associates of the enterprise through, among other things, the distribution and sale of narcotics.

f. Protecting the enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the enterprise.

<u>Means and Methods of the Enterprise</u>

8.     Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the enterprise were the following:

a. Members and associates of the enterprise committed, conspired, attempted, and threatened to commit acts of violence, including attempted murder, against rival gang members and other individuals adverse to the enterprise.

b. Members and associates of the enterprise promoted and celebrated the criminal conduct of the enterprise, namely the narcotics distribution, acts involving violence, and the use of firearms, on social media websites such as Facebook.

5

    c. Members and associates of the enterprise obtained, possessed, shared and used firearms.

    d. Members and associates of the enterprise distributed controlled substances, including, but not limited to, marijuana, heroin, and cocaine base.

    e. Members and associates of the enterprise committed acts of intimidation and made threats as a means of deterring and/or punishing any potential witnesses to their crimes and in connection with protecting the enterprise and its members and associates from detection and prosecution by law enforcement authorities.

<u>The Racketeering Conspiracy</u>

9. From approximately 2013 up to the present, in the District of Connecticut, the defendants MILTON WESTLEY, a.k.a. "Reese," CLIFFORD BRODIE, a.k.a. "Cliff G," SEDALE PERVIS, a.k.a. "Scope," DEJUAN WARD, a.k.a. "Hot Boi," MICHAEL BELLE, a.k.a. "MB," MICHAEL VIA, a.k.a. "Mike Live," and others known and unknown to the Grand Jury, being persons employed by and associated with the enterprise described in paragraphs one through eight of this Indictment, to wit, GSB, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering law of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of GSB, which was

6

engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

    a. Multiple acts involving murder chargeable under the following provisions of state law: Connecticut General Statutes §§ 53a-8(a) (criminal liability for acts of another), 53a-48 (conspiracy), 53a-49 (criminal attempt) and 53a-54a (murder).

    b. Multiple offenses involving the distribution of controlled substances, including but not limited to marijuana, heroin, and cocaine base, in violation of the laws of the United States, namely, Title 21, United States Code, Sections 841 and 846.

10.    It was a part of the conspiracy that each defendant either committed himself or agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Overt Acts

11.    In furtherance of the conspiracy and to achieve the objects thereof, the defendants and others performed or caused to be performed the following overt acts, among others, in the District of Connecticut and elsewhere:

    a. On or about September 17, 2015, the defendant WARD shot Pharoh Jackson, whom he believed to be a rival gang member, in the leg.

7

b.  In or about January 2016, the defendants WESTLEY and BELLE shot at Marquise Freeman, who they believed had been disrespectful to GSB.

c.  On January 23, 2016, the defendants WESTLEY, BRODIE, BELLE, and others known and unknown to the Grand Jury, conspired to shoot at, and hit the house of, Brandon Shealy, whom they believed to be a rival gang member.

d.  On February 6, 2016, the defendant BRODIE and others, known and unknown to the Grand Jury, shot at, and hit Damien Smith, whom they believed to be a rival gang member, in the stomach and back.

e.  On or about February 12, 2016, GSB members, known and unknown to the Grand Jury, possessed a quantity of heroin at 1070 Townsend Avenue, New Haven, Connecticut.

f.  On March 13, 2016, the defendant VIA, and others known and unknown to the Grand Jury, conspired to shoot at, and hit Damion Phillips, whom they believed to be a rival gang member, in his leg and shoulder.

g.  On May 27, 2016, the defendant WESTLEY, and others known and unknown to the Grand Jury, shot at, and hit Marquise Freeman in the head and stomach and Terrence Lee in the hand, because they believed that Freeman and Lee had been disrespectful to GSB.

h.   From in or about April 2016 through in or about April 2017, the defendants BRODIE and WESTLEY knowingly possessed with intent to distribute, and distributed, cocaine base and heroin.

i.   On or about June 26, 2017, the defendants BRODIE and BELLE possessed with intent to distribute heroin and marijuana.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
(VCAR assault with a dangerous weapon and VCAR attempted murder)

12.   At all times relevant to this Indictment, GSB, as more fully described in paragraphs one through eight of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, including its leadership, its membership, and its associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

13.   At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of the laws of the State of Connecticut, and acts involving drug trafficking in violation of Title 21, United States Code, Sections 841 and 846.

9

14.     On or about September 17, 2015, in the District of Connecticut, the defendant DEJUAN WARD, a.k.a. "Hot Boi" for the purpose of maintaining and increasing his position in GSB, an enterprise engaged in racketeering activity, as described above, together with others, known and unknown to the Grand Jury, intentionally and knowingly assaulted Pharoh Jackson with a dangerous weapon, in violation of Conn. Gen. Stat. § 53a-59(a)(1), and attempted to murder Pharoh Jackson, in violation of Conn. Gen. Stat. §§ 53a-49 and 53a-54a.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5).

## COUNT THREE
(VCAR assault with a dangerous weapon and VCAR attempted murder)

15.     At all times relevant to this Indictment, GSB constituted an enterprise engaged in racketeering activity, as more fully described in paragraphs twelve through thirteen of this Indictment, which are realleged and incorporated by reference as though set forth fully herein.

16.     On or about February 6, 2016, in the District of Connecticut, the defendant CLIFFORD BRODIE, a.k.a. "Cliff G," for the purpose of maintaining and increasing his position in GSB, an enterprise engaged in racketeering activity, as described above, together with others, known and unknown to the Grand Jury, intentionally and knowingly assaulted Damien Smith with a dangerous weapon, in violation of Conn. Gen. Stat. §§ 53a-8(a) and 53a-59(a)(1), and attempted to murder Damien Smith, in violation of Conn. Gen. Stat. §§ 53a-8(a), 53a-49 and 53a-54a.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5) and 2.

COUNT FOUR
(Carrying a firearm during and in relation to a
crime of violence/drug trafficking crime)

17.     From in or about 2013 through in or about September 2016, the exact dates being unknown to the Grand Jury, in the District of Connecticut, the defendants MILTON WESTLEY, a.k.a. "Reese," CLIFFORD BRODIE, a.k.a. "Cliff G," SEDALE PERVIS, a.k.a. "Scope," DEJUAN WARD, a.k.a. "Hot Boi," MICHAEL BELLE, a.k.a. "MB," and MICHAEL VIA, a.k.a. "Mike Live," did knowingly carry a firearm during and in relation to a crime of violence and/or a drug trafficking crime for which they may be prosecuted in a court of the United States, namely a violation of Title 18, United States Code, Section 1962(d), as set forth in Count One of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT FIVE
(Using a firearm during and in relation to a crime of violence)

18.     On or about September 17, 2015, in the District of Connecticut, the defendant DEJUAN WARD, a.k.a. "Hot Boi," did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Two of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

11

COUNT SIX
(Using a firearm during and in relation to a crime of violence)

19.    On or about February 6, 2016, in the District of Connecticut, the defendant CLIFFORD BRODIE, a.k.a. "Cliff G," did knowingly carry, use, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, violations of Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(5), as set forth in Count Three of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT SEVEN
(Knowing transfer of a firearm for use in a crime of violence)

20.    On or about February 6, 2016, in the District of Connecticut, the defendant SEDALE PERVIS, a.k.a. "Scope," did knowingly transfer a firearm knowing that the firearm would be used in a crime of violence, that is, the VCAR assault with a dangerous weapon and VCAR attempted murder offense charged in Count Three of this Indictment.

In violation of Title 18, United States Code, Sections 924(h) and 2.

COUNT EIGHT
(Possession with intent to distribute marijuana)

21.    On or about September 2, 2016, in the District of Connecticut, the defendant SEDALE PERVIS, a.k.a. "Scope," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

12

In violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(D).

## COUNT NINE
(Possession of a firearm in furtherance of a drug trafficking crime)

22.     On or about September 2, 2016, in the District of Connecticut, the defendant SEDALE PERVIS, a.k.a. "Scope," did knowingly and intentionally possess a firearm, namely, a Ruger, model P85, 9mm handgun bearing serial number 30190106, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(D), as charged in Count Eight of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TEN
(Receipt of a firearm by an individual who is an unlawful user of, and addicted to, any controlled substance)

23.     Between approximately April 29, 2016, and December 30, 2016, in the District of Connecticut, the defendant DEJUAN WARD, a.k.a. "Hot Boi," who is an unlawful user of, and is addicted to, marijuana and MDMA ("ecstasy"), both of which are Schedule I controlled substances, did knowingly receive a firearm, namely, an Armscor, 206 model, .38 special revolver with an obliterated serial number, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

### COUNT ELEVEN
(Possession of a firearm with an obliterated serial number)

24.      Between approximately April 29, 2016 and December 30, 2016, in the District of Connecticut, the defendant DEJUAN WARD, a.k.a. "Hot Boi," did knowingly possess a firearm, namely, an Armscor, 206 model, .38 special revolver that had the importer's or manufacturer's serial number removed, obliterated, and altered, which had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(k) and 924(a)(1).

### COUNT TWELVE
(Possession with intent to distribute and distribution of heroin and cocaine base)

25.      From in or about April 2016 through the present, the exact dates being unknown to the Grand Jury, in the District of Connecticut, the defendants MILTON WESTLEY, a.k.a. "Reese," and CLIFFORD BRODIE, a.k.a. "Cliff G," did knowingly and intentionally possess with intent to distribute and distribute mixtures and substances containing detectable amounts of heroin, a Schedule I controlled substance, and cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT THIRTEEN
(Possession with intent to distribute heroin and marijuana)

26.      On or about June 26, 2017, in the District of Connecticut, the defendants CLIFFORD BRODIE, a.k.a. "Cliff G," and MICHAEL BELLE, a.k.a. "MB," did knowingly and intentionally possess with intent to distribute mixtures and

14

substances containing detectable amounts of heroin and marijuana, both Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(l), 841(b)(1)(C) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION
(Controlled substances offenses)

27.     Upon conviction of one or more of the offenses alleged in Counts Eight, Twelve and Thirteen of this Indictment, the defendants SEDALE PERVIS, a.k.a. "Scope," MILTON WESTLEY, a.k.a. "Reese," CLIFFORD BRODIE, a.k.a. "Cliff G," and MICHAEL BELLE, a.k.a. "MB," shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 881, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

28.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without

15

difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of those defendants, up to the value of the above-described forfeitable property.

29.    All in accordance with Title 21, United States Code, Sections 853 and 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION
(Firearms Offense)

30.    Upon conviction of one or more of the firearm offenses alleged in Counts Four, Five, Six, Seven, Nine, Ten and Eleven of this Indictment, the defendants SEDALE PERVIS, a.k.a. "Scope," and DEJUAN WARD, a.k.a. "Hot Boi," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of those offenses, including one Ruger, model P85, 9mm handgun bearing serial number 30190106, one Armscor, 206 model, .38 special revolver with an obliterated serial number, and all ammunition loaded in those firearms.

31.    All in accordance with 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and

Rule 32.2(a), Federal Rules of Criminal Procedure.


A TRUE BILL


/ s /
FOREPERSON


UNITED STATES OF AMERICA


DEIRDRE M. DALY
UNITED STATES ATTORNEY


PETER D. MARKLE
ASSISTANT U.S. ATTORNEY


RAHUL KALE
ASSISTANT U.S. ATTORNEY


JOCELYN COURTNEY KAOUTZANIS
ASSISTANT U.S. ATTORNEY


17